UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ODENA ROADEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:17-cv-00037-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting | ) | **&** |
| Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Odena Roaden seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied Roaden's claim for disability insurance benefits. Ms. Roaden does not cite under which statute she brings her action in federal court; nonetheless, she alleges various oversights on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will DENY Ms. Roaden's Motion for Summary Judgment [R. 13] and will GRANT the Commissioner's Motion for Summary Judgment [R. 15.]

**I**

Plaintiff Odena Roaden filed an application for Title II disability insurance benefits (DBI) on October 18, 2013, alleging disability beginning October 1, 2013. [Transcript (hereinafter, "Tr.") 144.] Roaden's claims were initially denied in February 2014, and then denied again upon reconsideration in June 2014. [*See* Tr. 15.] After requesting a hearing, Roaden appeared and testified at a video hearing on September 18, 2015, in front of ALJ Ben Ballengee. [*Id.*] Vocational expert William Ellis also testified. [*Id.*] The ALJ issued a final decision ultimately denying Roaden's claims for benefits. [Tr. 23.]

Odena Roaden was born on March 9, 1959. [Tr. 144.] She obtained her high school diploma. [Tr. 35.] She is married and lives with her husband in Somerset, Kentucky. [Tr. 172.] She has not worked since October 16, 2013. [Tr. 36.] Her employment history consists of working as a housekeeper in a hospital setting for approximately sixteen years. [Tr. 35-36; 174.]

Ms. Roaden alleges disability based on a chronic cough, a diagnosis of COPD, shortness of breath, anxiety, frequent lung infections, high cholesterol, and mild mitral valve prolapse. [Tr. 173.] Throughout the course of Roaden's application for benefits, she was treated by Dr. Betsy Reynolds for a cough, anxiety, depression, and other medical conditions. [Tr. 314-342.] In 2011, two years prior to Roaden's onset date, Roaden complained of chest pain. [Tr. 250] On a referral from Dr. Reynolds, Roaden underwent a cardiac catheterization administered by Dr. Khaled A. Saleh, who concluded Roaden's chest pain was "not related to epicardial coronary artery disease." [*Id.*] Dr. Saleh referred Roaden back to her primary care physician for a workup for noncardiac cause of chest pain. [*Id.*] Also in 2011, on a referral from Dr. Reynolds, Roaden underwent a colorectal cancer screening administered by Dr. Brenda J. Jobson, whose exam returned generally unremarkable results with the exception of high cholesterol and triglycerides. [Tr. 258.] In November 2011, Roaden underwent an esophagogastroduodenoscopy and colonoscopy. [Tr. 260.] The results of the procedures were normal, showing a normal terminal ileum, but indicated Roaden had minimal gastritis. [*Id.*] Again the Court notes these exams, although reflective of Roaden's general physical complaints, were conducted two years prior to her onset date.

Between September 2012 and August 2013, Roaden underwent three chest x-rays. [Tr. 269, 303, 309.] All three returned clear results, and one showed minimal right middle lobe atelectasis. [*Id.*] In 2013, prior to her onset date, Roaden presented with symptoms that led Dr.

2

Abdi Vaezy to treat her as if she had chemical bronchitis or a cough equivalent asthma. [Tr. 268.] In November 2013, Dr. Vaezy provided an assessment of chronic obstructive pulmonary disease (COPD)/asthma, mild degree of acid reflux, and a question of obstructive sleep aptnea, for which Roaden used a prescribed CPAP machine. [Tr. 312.]

Roaden alleges the ALJ was wrong to conclude Roaden could perform her past work as a housekeeper. [R. 13 at 1.] Roaden asserts that the vocational expert testified that there is no job Roaden could perform. [*Id.*] Roaden claims that she has a sit/stand option and that a person with such a limitation has no transferable skills. [*Id.*] Lastly, Roaden offers certain limitations that relate to her COPD and suggests those limitations preclude her from working as a housekeeper. [*Id.* at 2.]

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520. First, if a claimant is performing a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which is severe and meets certain durational requirements, she is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work, and if a claimant's impairments do not prevent her from doing past relevant work, she is not "disabled." 20. C.F.R. §

404.1520(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, the she is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at step one, the ALJ determined that Ms. Roaden has not engaged in substantial gainful activity since October 17, 2013. [Tr. 17.] At step two, the ALJ found Roaden to have the following "severe" impairments: chronic obstructive pulmonary disease (COPD) and obesity. [*Id.*] At step three, the ALJ found Roaden's combination of impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. [Tr. 18.] Before moving to step four, the ALJ considered the record and determined that Roaden possessed the following residual functioning capacity:

> [T]he claimant has the residual functioning capacity to perform work at the medium exertional level as defined at 20 CFR 404.1567(c) except that she can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; and frequently crouch and crawl. She can occasionally be exposed to unprotected heights; moving mechanical parts; humidity and wetness; dust, odors, fumes, and pulmonary irritants; extreme cold; and extreme heat.

[Tr. 19.] After explaining Roaden's RFC, the ALJ found at step four that, based on this RFC, her age, education, and work experience, there are a "significant number[]" of jobs in the national economy that Roaden can perform. [Tr. 22.] Accordingly, the ALJ found at step five

4

that Ms. Roaden has not been under a disability since her alleged onset date pursuant to 20 C.F.R. § 404.1520(g). [Tr. 23.]

Following the unfavorable decision, Ms. Roaden timely appealed to the Appeals Council. However, the Appeals Council found no reason for review. [Tr. 1.] Roaden now seeks judicial review in this Court.

## II

The Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation and internal quotations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite

conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The basis of Ms. Roaden's arguments for relief is that the ALJ made the wrong determination in the face of evidence in the record.  [R. 13.]  Roaden argues that the record supports a finding of disability because a vocational expert testified that based on the limitations of her left hand she should be classified as disabled.  [*Id.*]  Roaden claims she has a sit/stand option and, thus, has no transferable skills.  [*Id.*]  Additionally, she asserts her COPD limitations, which "include, but are not limited to avoiding concentrated exposure to hazards of any type, fumes, odors, dusts, gases, poor ventilation, etc., extreme heat, wetness and humidity" are experienced daily in performing housekeeping work; therefore, she cannot return to her previous employment.  [*Id.*]

Ms. Roaden essentially attempts to argue the collective result of her impairments has a combined effect of disability that precludes her from returning to her previous work.  She does not argue in her Motion that she cannot perform work available in the national economy.  "In reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled."  *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523).  Roaden has pointed to no evidence in the record suggesting that the ALJ did not consider her impairments both separately and in combination in making his disability determination.  Indeed, the evidence used to support Roaden's argument is from a hypothetical presented by the ALJ to the vocational expert at the video hearing.  [*See* R. 13; Tr. 59-63.]  Additionally, Roaden points to no specific evidence in the record to establish an objective determination that she has limitations of her left

hand and fingers or outright limitations related to her COPD; she again pulls this information from the hypothetical posed to the vocational expert at the hearing. [Tr. 59-60.]

Ms. Roaden simply misrepresents these hypothetical symptoms and limitations as her own. When an ALJ poses hypothetical questions to a vocational expert, the ALJ is not bound by the vocational expert's response to those questions but "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ did just that. The hypothetical posed by the ALJ took an individual with similar age, education, and work experience as Ms. Roaden, then added more extreme conditions to ascertain certain opinions from the vocational expert. [*See* Tr. 57-61.] These conditions and limitations were not specific to Ms. Roaden and are found nowhere in Roaden's medical history. The ALJ was not bound by the vocational expert's response to the ALJ's hypothetical situations.

Additionally, Roaden's Motion misplaces her argument. Roaden's argument insists she is disabled because she cannot return to her past relevant work due to her impairments. [R. 13.] In fact, the ALJ agrees with that determination. [*See* Tr. 22.] Unfortunately for Ms. Roaden, that is not the end of the analysis. As already indicated, the ALJ found that, based on Roaden's RFC, her age, education, and work experience, there are a "significant number[]" of jobs in the national economy that Roaden can perform. [Tr. 22.] Accordingly, the ALJ found that Ms. Roaden has not been under a disability since her alleged onset date pursuant to 20 C.F.R. § 404.1520(g). [Tr. 23.]

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding Roaden not disabled is supported by substantial evidence. Even if the evidence could also support

7

another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey*, 987 F.2d at 1233.

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

1. Plaintiff Odena Roaden's Motion for Summary Judgment [**R. 13**] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [**R. 15**] is **GRANTED**; and

3. Judgment in favor of the Defendant shall be entered contemporaneously herewith.

This the 10th day of January, 2018.

Gregory F. Van Tatenhove
United States District Judge